UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL VALENCIA,<br><br>   Plaintiff,<br><br> v.<br><br>CONNIE GIPSON, et al.,<br><br>   Defendants. | Case No.: 1:12-cv-01446-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND REQUEST FOR DEPOSITION BY WRITTEN QUESTIONS<br><br>[ECF No. 60] |

Plaintiff Abel Valencia is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 13, 2015, Plaintiff filed a motion for the appointment of counsel and request that Defendants conduct his deposition by way of written questions in lieu of video conference.

**I.**

**DISCUSSION**

**I.** **Motion for Appointment of Counsel**

In the present motion for appointment of counsel, Plaintiff contends that is in need of counsel in order to effectively respond to questions at his own deposition.

There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490

1

1  U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the
2  voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.
3      Without a reasonable method of securing and compensating counsel, the court will seek
4  volunteer counsel only in the most serious and exceptional cases.  In determining whether
5  "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the
6  merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the
7  legal issues involved."  Id.  (internal quotation marks and citations omitted).
8      In the present case, the Court does find that neither the interests of justice nor exceptional
9  circumstances warrant appointment of counsel at this time.  LaMere v. Risley, 827 F.2d 622, 626 (9th
10 Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff is proceeding against
11 Defendants Johnson, Ruiz, Smith, Garcia and Mayo for due process violations relating to the
12 validation and the security housing unit placement of Plaintiff, and against Defendant Ruiz for
13 retaliation in searching Plaintiff's cell after Plaintiff denied any safety concerns regarding his celling
14 placement and exercised his right to remain silent, and Plaintiff has demonstrated an ability to
15 articulate the factual and legal bases of his claims with sufficient clarity and to litigate his claim on his
16 own behalf.  Based on the information present before the Court, it is clear that Plaintiff has the
17 competence necessary to pursue his case.  Without more, this Court cannot conclude that there are
18 "exceptional circumstance" which would warrant the appointment of counsel in this case.
19     While a pro se litigant may be better served with the assistance of counsel, so long as a pro se
20 litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative
21 complexity of the matter," the "exceptional circumstances" which might require the appointment of
22 counsel do not exist.  Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28
23 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner
24 "may well have fared better-particularly in the realm of discovery and the securing of expert
25 testimony.")  Accordingly, Plaintiff motion for appointment of counsel is DENIED, without prejudice.
26 ///
27 ///
28 ///

**II.     Request for Deposition by Written Questions**

Plaintiff requests that the Court order his deposition be taken by way of written question in lieu of video conference.  Plaintiff further requests that if the Court denies his request for written questioning, Defendants be ordered to provide Plaintiff with a tape recorder during the deposition.

Pursuant to this Court's September 16, 2014, discovery and scheduling order, "Defendant may depose Plaintiff and any other witness confined in a prison upon condition that, at least fourteen (14) days before such a deposition, Defendant serves all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1).  Pursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court." (ECF No. 37, at ¶ 3.)  Plaintiff does not provide any legal or factual basis for the Court to overrule the taking of his deposition by way of videoconference.  Accordingly, Plaintiff's request for his deposition to be taken by way of written questions shall be denied.

Furthermore, Rule 30 of the Federal Rules of Civil Procedure provides, "[t]he party who notices the deposition must state in the notice the method for recording the testimony.  Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means.  The noticing party bears the recording costs.  Any party may arrange to transcribe a deposition." Fed. R. Civ. P. 30(b)(3)(A).  The Court is without authority to order Defendants to provide Plaintiff with a tape recorder for the deposition, nor are Defendants under such obligation.  Furthermore, although Plaintiff is proceeding in forma pauperis in this action, Plaintiff must pay for a copy of the deposition transcript as required by Rule 30(f)(3) of the Federal Rules of Civil Procedure.  Accordingly, Plaintiff's request for the Court to order Defendants to provide Plaintiff with a tape recorder at the deposition must be denied.

//
//
//
//
//

3

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED, without prejudice;
2. Plaintiff's request for deposition by way of written questions and to be provided a tape recorded at the oral deposition is DENIED.

IT IS SO ORDERED.

Dated: __April 14, 2015__

UNITED STATES MAGISTRATE JUDGE

4