1
2
3
4
5
6
7
8         **UNITED STATES DISTRICT COURT**

9         **EASTERN DISTRICT OF CALIFORNIA**

10

11 ABEL VALENCIA,        )   Case No.: 1:12-cv-01446-AWI-SAB (PC)
                   )

12         Plaintiff,    )

13        v.               )   ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S THIRD MOTION FOR

14 CONNIE GIPSON, et al.,       )   APPOINTMENT OF COUNSEL
                   )

15         Defendants.  )   [ECF No. 63]

16 _____ )

17        Plaintiff Abel Valencia is appearing pro se and in forma pauperis in this civil rights action

18 pursuant to 42 U.S.C. § 1983.

19        Pending before the Court is Plaintiff's third motion for appointment of counsel.  As previously

20 advised, there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d

21 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to

22 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490

23 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the

24 voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

25        Without a reasonable method of securing and compensating counsel, the court will seek

26 volunteer counsel only in the most serious and exceptional cases.  In determining whether

27 "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

28

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). The fact that Plaintiff contends he is in need of counsel to assist in the discovery phase of this case does not present "extraordinary circumstances." See, e.g., Curtis v. Benda, No. C08-5109 FDB/KLS, 2009 WL 2876172, *1 (W.D. Wash. Sept. 8, 2009) (stating, in section 1983 cases, the need for discovery does not qualify the issues involved as complex) (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).) As the Ninth Circuit stated in Wilborn,

> Although discovery was essential …, the need for such discovery does not necessarily qualify the issues involved as "complex." Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that w[ere] required to establish successfully the complexity of the relevant issues w[ere] a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.

Wilborn, 789 F.2d at 1331. (fn omitted). The Court further notes that as a matter of law, [p]laintiff's lack of legal training and resources are not exceptional circumstances that warrant the appointment of counsel" where, as here, the case is not complex. Curtis v. Benda, 2009 WL 2876172, *1. Accordingly, Plaintiff's third motion for appointment for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **May 6, 2015**

_____
UNITED STATES MAGISTRATE JUDGE