1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**
9        **EASTERN DISTRICT OF CALIFORNIA**
10

11   ABEL VALENCIA,                          )   Case No. 1:12-cv-01446-AWI-SAB (PC)
                                             )
12              Plaintiff,                   )
                                             )   FINDINGS AND RECOMMENDATIONS
13       v.                                  )   REGARDING PLAINTIFF'S MOTION FOR
                                             )   LEAVE TO FILE AN AMENDED COMPLAINT
14   CONNIE GIPSON, et al.,                  )
                                             )   [ECF No. 71]
15              Defendants.                  )
                                             )
16   _____     )

17          Plaintiff Abel Valencia is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19          On July 24, 2015, Plaintiff filed a motion for leave to file an amended complaint, along with a

20   proposed amended complaint which was lodged by the Court.  (ECF Nos. 71, 72.)  Defendants filed an

21   opposition on August 14, 2015.  (ECF No. 75.)

22                                          **I.**

23                                    **DISCUSSION**

24          Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

25   pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P.

26   15(a).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse

27   party.  Id.

28

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  AmerisourceBergen Corp., 465 F.3d at 951.  These factors are not of equal weight.  Futility of amendment has been held to be sufficient grounds for denial of a motion to amend.  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); Ascon Props. Inc. v. Mobile Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).   A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

Plaintiff filed the initial complaint on September 4, 2012, and named fifteen Defendants, including George Giurbino as Director of the California Department of Corrections and Rehabilitation (CDCR), for alleged violations of the First, Eighth, and Fourteenth Amendments and state law arising from Plaintiff's placement and retention in the administrative segregation and subsequent validation as an associate of a prison gang, resulting in placement in a Security Housing Unit.  (ECF No. 1.)  The Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and found it only stated cognizable claims against Defendant Ruiz for retaliation and Ruiz, Mayo, Garcia, Smith, Johnson, and an unknown IGI officer for due process violations.  (ECF No. 14, Order at 12:25-13:2.)  The Court granted Plaintiff the opportunity to either file an amended complaint or inform the Court in writing that he wished to proceed only on the claims found to be cognizable and dismiss all other claims.  (Id. at 13:2-12.)  Plaintiff filed a notice that he did not wish to amend the complaint and intended to proceed on the cognizable claims identified in the Court's screening order.  (ECF No. 18.)

On September 11, 2015, Plaintiff's retaliation claim against Defendant Ruiz and due process claim against Defendants Mayo, Garcia, Smith, and Johnson were dismissed without prejudice for lack of exhaustion.  (ECF No. 76.)

In his first amended complaint, Plaintiff seeks to reinstate many of the claims and Defendants previously dismissed by the Court pursuant to Plaintiff's consent.  (See ECF No. 72.)  Plaintiff seeks to revive his claims for supervisory liability, retaliation of formerly-dismissed Defendants, cruel and

2

unusual punishment, equal protection, and state-law claims.  (ECF No. 72, Lodged Second. Am. Compl. at 28:19-30:13, 40:1-47:3, 48:17-50:25.)  However, Plaintiff's motion is premised on his intent to add J. Beard, in place of G. Giurbino, as a Defendant in this action for his claim for injunctive relief, following the dismissal of all Defendants except Defendant Ruiz.  (ECF No. 71, Mot. at 2:1-4.)  Defendant Giurbino was previously dismissed from the action for failure to state a cognizable claim for relief.  Plaintiff may bring a claim against the Director of CDCR in his official capacity for purposes of injunctive relief.  See Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1117 (9th Cir. 2013) (a plaintiff seeking injunctive relief against the State need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief.).  If Plaintiff prevails on his claim that his rights were violated and the gang validation information is unreliable and he is entitled to release from the Security Housing Unit and expungement of such information, the Director, or Secretary, is in the position to effect relief, regardless of which institution holds Plaintiff at the time this suit reaches conclusion.  Accordingly, Plaintiff may proceed on his official capacity claim against Jeffrey Beard, in place of G. Giurbino, and such claim is reinstated in this action.[1]  Plaintiff may not attempt to reinstate any other claims or defendants that were previously dismissed.  Therefore, Plaintiff's motion for leave to amend is granted only to reinstate the official capacity claim for injunctive relief against Defendant Beard, and there is no need to file the lodged first amended complaint which will be stricken from the record.

## II.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Plaintiff's motion for leave to amend is GRANTED;

2.      Plaintiff's official capacity claim against Defendant Jeffery Beard for injunctive relief is reinstated in this action; and

3.      The first amended complaint, lodged on July 24, 2015, is stricken from the record.

---

[1] The Court takes judicial notice of the fact that Dr. Jeffrey Beard is currently the Secretary of CDCR.  Fed. R. Civ. P. 201.

3

1       These Findings and Recommendations will be submitted to the United States District Judge

2 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**

3 after being served with these Findings and Recommendations, the parties may file written objections

4 with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

5 Recommendations."  The parties are advised that failure to file objections within the specified time

6 may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir.

7 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

8

9 IT IS SO ORDERED.

10 Dated:    **September 22, 2015**

11                                  UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4