UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ABEL VALENCIA, | ) | Case No.: 1:12-cv-01446-AWI-SAB (PC) |
| Plaintiff, | ) ) | |
| v. | ) ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR CONTINUANCE TO CONDUCT DISCOVERY PURSUANT TO RULE 56(D) OF THE FEDERAL RULES OF CIVIL PROCEDURE |
| RUIZ, | ) ) | |
| Defendant. | ) ) ) | [ECF No. 94] |

Plaintiff Abel Valencia is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a continuance under Rule 56(d) of the Federal Rules of Civil Procedure to conduct additional discovery.[1] (ECF No. 94.) Defendant filed an opposition on February 11, 2016, and Plaintiff filed a reply on February 29, 2016. (ECF Nos. 95, 99.) Pursuant to Local Rule 230(l), the motion is deemed submitted.

///

///

///

---

[1] Plaintiff's motion seeks a continuance under Rule 56(f) of the Federal Rules of Civil Procedure. (ECF No. 94.) However, the Court presumes that Plaintiff seeks relief under subdivision, and not subdivision (f) as it deals with grounds for entering judgment in favor of a party independent of a motion. See Fed. R. Civ. P. 56(f).

1

# I.

# DISCUSSION

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Getz v. Boeing Co., 654 F.3d 852, 867-868 (9th Cir. 2011); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-1101 (9th Cir. 2006). Discovery is only warned "where the non-moving party has not had the opportunity to discover information that is essential to its opposition." Metabolife Int'l, Inc. v. Womick, 264 F.3d 832, 846 (9th Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986).) A moving party is not entitled to additional discovery under Rule 56(d) "if it fails diligently to pursue discovery before summary judgment." Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir. 1989) (citation omitted). Indeed, "the district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past." Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995) (internal quotation omitted).

On December 11, 2015, Defendant filed a motion for summary judgment on the grounds that Plaintiff received all the process he was due in connection with his gang validation. (ECF No. 85.) To support the "some evidence" element of the offense, Defendant submitted five confidential memorandum (in redacted form) that were referenced in the Confidential Information Disclosure forms (CDC 1030) that were served on Plaintiff and used as documents for validation. After receiving Defendant's motion, Plaintiff moved for an extension of time to file an opposition. (ECF No. 91.) Then, two weeks later, Plaintiff filed the instant motion for a continuance of the summary-judgment motion under Federal Rule of Civil Procedure 56(d) to conduct further discovery to oppose the motion. In his request for a continuance to conduct further discovery, Plaintiff contends that he

needs to depose the authors of the confidential memorandum and an officer who intercepted a note directed to Plaintiff that is the subject of the December 6, 2005, confidential memorandum. (ECF No. 94.) Defendant opposes Plaintiff's requests for lack of diligence and for failure to demonstrate such information will lead to the discovery of facts sufficient to raise a genuine issue of material fact.

On September 16, 2014, the Court issued the scheduling and discovery order setting the deadline for completion of discovery by May 16, 2015-eight months thereafter. Defendant submits that on March 3, 2015, Plaintiff served his first set of production requests, requesting a copy of the confidential memorandums referenced in the CDC 1030. Defendant responded to Plaintiff's requests on April 15, 2015, and provided redacted copies of the confidential memorandum along with the required privilege log. (Defs.' Resp. Req. for Prod. 1-5, Ex. B, ECF No. 95.) On May 12, 2015, Defendant moved to extend the discovery deadline for the limited purpose of taking Plaintiff's deposition. (ECF No. 66.) Plaintiff did not oppose Defendant's request, nor did he make his own motion to continue the deadline to conduct further discovery. Plaintiff also did not move to compel Defendant to further respond to the production requests, and Plaintiff did not challenge the privilege assertions raised by Defendant in producing redacted copies of the confidential memorandums. Counsel took Plaintiff's deposition on May 19, 2015. At his deposition, Plaintiff acknowledged receipt of the redacted confidential memorandums Defendant produced and that he had reviewed them. (Dep. of Valencia at 152:11-16, Ex. C, ECF No. 95.)

The Court finds that on this record, Plaintiff has failed to meet his burden in justifying relief under Rule 56(d). Plaintiff does not demonstrate that he was diligent in the pursuit of the information he now seeks to discover. Defendant produced the confidential memorandums in mid-April 2015, and Plaintiff admitted he had received and reviewed them by mid-May 2015 when his deposition was taken. However, Plaintiff fails to explain why he waited until nine months after to now challenge the veracity of the memorandums or to depose the authors or individuals who reviewed the memorandums.

Plaintiff's claim that he is a layman of the law and was unaware of his ability to depose third party witnesses is unfortunate but is not different from any other pro se litigant and does not justify a continuance under Rule 56(d). Further, Plaintiff's claim of ignorance is belied by the record in this

1  case.  At his deposition, Plaintiff was asked whether he had made any effort to contact the officers
2  who drafted the confidential memos used to validate him and he responded that he had not.  (Dep. of
3  Valencia at 153-154, Ex. C., ECF No. 95.)  Indeed, Plaintiff stated "I don't see the relevancy [sic] of
4  me contacting them on this information if I'm already - - to me it's irrelevant to contact them when it's
5  the dispute between the 1030s that actually was given to me by the Defendant Ruiz …"  (Id. at 153:1-
6  154:23.)  Plaintiff further clarified that he was not contending that Defendant fabricated the original
7  source referenced in the CDC 10302; rather, he claims Defendant fabricated the information contained
8  in the CDC 1030s.  (Id. at 154:24-155:17.)

9        In support of his request for further discovery, Plaintiff contends that the five confidential
10  memorandums were rejected and stamped as not meeting the validation requirement established by
11  section 3378 of the California Code of Regulations Title 15.  (Mot. at 1:23-27, ECF No. 94.)
12  However, a review of the memorandums submitted by Defendant in support of his motion for
13  summary judgment demonstrates that the word "not" is crossed out and initials appear next to the
14  crossed out word, lending support to the fact that the information provided in the memorandums met
15  the reliability requirements of section 3378.  (Decl. of Esquivel, Ex. J at 1, 4, 5, 8, 12, ECF No. 85-4.)
16  Nonetheless, even assuming the validity of Plaintiff's contention, Plaintiff still fails to explain why he
17  delayed in seeking to depose the prison officials who reviewed the confidential memorandums despite
18  knowledge of their identities since April 2015.

19        In addition, Plaintiff fails to explain the delay in seeking to depose officer Lee, who intercepted
20  a note addressed to Plaintiff as discussed in the December 6, 2005, confidential memorandum.  (Decl.
21  of Esquivel, Ex. J at 1.)  Plaintiff further fails to explain why the actual written note referenced in the
22  memorandum is needed since the entire contents of the note were reproduced in the memorandum.
23  (Id. at 2.)  Plaintiff also fails to explain how having the entire written note will "discredit the author"
24  because Plaintiff admitted at his deposition that he was not contending the information in the original
25  confidential memorandums was fabricated.  (Decl. of Valencia at 154:24-155:17.)  Plaintiff was aware
26  of the identity of officer Lee as well as the written note since April 2015, and Plaintiff has failed to
27  explain the unreasonable delay in seeking to depose officer Lee or compel production of the written
28  note.

In sum, Plaintiff has not explained why he did not move to compel or seek to extend the discovery deadline before it expired and/or before Defendant moved for summary judgment. Plaintiff thus has not shown that he was diligent in pursuing discovery he now claims is essential to oppose summary judgment. Accordingly, Plaintiff's motion is denied.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for a continuance to conduct discovery under Rule 56(d) is DENIED; and

2. Plaintiff is granted thirty (30) days from the date of this order to file an opposition to Defendant's motion for summary judgment.

IT IS SO ORDERED.

Dated: __March 4, 2016__

UNITED STATES MAGISTRATE JUDGE